(Superior Court of Cincinnati.)

General Term, 1901.

W. M. TUGMAN et al. v. CHARLES SVENDSEN et al.

*Vacation of judgment after term—*

(1.) A judgment for plaintiff cannot be vacated under secs. 5357, 5358, 5359, 5360, R. S., without a previous adjudication that the defendant has a good and valid defense to the action.

*Same—Sufficiency of findings thereon—*

(2.) The findings in an entry vacating a judgment that there was a meritorious defense" is not an adjudication that there is a good and valid defense to the action, where the record is silent as to what the nature of the defense was, as to whether any issue was made upon it, and as to whether that issue was appropriately tried and determined.

DEMPSEY, J., SMITH, J., and MURPHY, J., concurring.

This is one of the numerous cases that have arisen out of the Banner Brewing Co. failure. The proceeding at Special Term was one to assess the stockholders' liability. The cause had been referred to Mr. Edward Barton, who was designated a special master and referee but whose powers and duties were prescribed in the order appointing him. On the coming in of his report, the court, at Special Term, modified certain findings of fact made by said Barton as regards Tugman and Huseman, the plaintiffs in error here, and on July 18, 1900, at the July, 1900, term of the court, proceeded to render a final judgment in the cause, in which, after finding that certain stock standing in the names of Tugman and Huseman was really held by them only in pledge, and that certain other persons, named in the judgment entry, were the real owners and beneficiaries of said stocks, the plaintiff in the case and a cross-petitioner were given judgment for and on behalf of all the creditors of said brewery company against Herman Huseman and William M. Tugman, severally, as the owners of the legal title of certain shares of stock, and against Charles Svendsen, Christian Rapp, Henry Turk and others as the beneficiaries of said stock, the judgment as to Huseman and Tugman being conditioned that payment by the beneficiaries or any of them should settle the liabilities of said Huseman and Tugman. The amount of the liability in each case was $400. In December, 1900, and January, 1901, long after the term at which the final judgment was entered, motions and affidavits were filed by Theobald, Svendsen, Rapp, Turk and others to set aside the entry of said judgment against them, on the ground of want of notice and many other irregularities in the entering and rendition thereof. On February 4, 1901, the motion was granted as to Theobald, and on February 9, 1901, as to Svendsen and Rapp. Theobald does not now figure in the case, but the judgment, so far as it affected Svendsen and Rapp, was absolutely vacated and held for naught. Tugman and Huseman, who would be prejudiced if such vacation was permitted to stand unchallenged, now prosecute error here, on the ground that the court at Special Term exceeded its power under the statute to vacate a judgment after the term. Section 5354 to 5365, Revised Statutes, prescribes the grounds and the method of procedure by which a judgment may be so vacated.

Sections 5357, 5358, 5359 and 5360, which furnish the rules to govern in procedure, have been often construed by the supreme court. *Watson* v. *Payne,* 25 Ohio St., 340, is the leading case on the subject. At pages 344 and 345 the court defines the proper practice thus:

"When a proceeding by petition or by motion to vacate or modify a jugment is instituted * * * the first thing to be done by the court is to try and decide whether or not a 'ground' to vacate or modify exists. * * * In some cases the question thus to be tried and decided can be determined by an inspection, of the record; in others the testimony of witnesses must be heard. But in all cases this question must first be tried and decided by the judge or judges. When the existence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be *adjudged* that there is a valid defense to the action. * * * In order that the validity of the defense may be adjudged, an issue or issues should be made up by proper pleadings. If the proceeding to vacate or modify be by motion, the defendant should be required to file his answer to the original petition, with leave to the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take the issue thereon by reply or demurrer. When the issue is thus made up, it should be tried as in other cases. * * * After such trial, and not before, the court is authorized to render a final judgment or order of vacation or modification of the original judgment

In *Frazier* v. *Williams*, 24 Ohio St., at page 627, the court says that—

"The meaning of those sections is, that when the court has *decided* that there is good ground to vacate, the judgment to vacate shall be suspended until after the cause is tried— by a jury, if one is demandable, and not waived, or by the court, if a jury is not demandable or is waived; and, if on such trial, the defense is established, then judgment of vacation is to be entered; or, if the defense fails, the petition to vacate is to be dismissed, or the judgment affirmed, or such other judgment is entered as the result of the trial indicates."

For like doctrine, see *Braden* v. *Hoffman*, 46 Ohio St., at pages 641, 642; *Ralston* v. *Wells*, 49 Ohio St., at page 301; *Follett* v. *Alexander*, 58 Ohio St ., at page 206. The foregoing decisions all refer to cases wherein the vacation was sought by defendants, but section 5360 also provides that, if the plaintiff seeks a vacation, it must be adjudged that there is a valid cause of action; and *Hettrick* v. *Wilson*, 12 Ohio St.,at page 138, is authority for that class of cases. If we test the rec-

ord of the case at bar by these rules laid down by our supreme court, it will be seen at once that the court, at Special Term, went too far in ordering a vacation of the former judgment. Assuming that the findings in the entry constituted good ground to vacate, before the final vacation could have been ordered there must have been the adjudication, in the mater pointed out in *Watson* v. *Paine,. supra,* of the validity of the defense of Rapp, Svendsen, and such others as are interested herein. No such steps are shown by the record to have been taken in this case, and they will not be presumed to have been taken. (*Braden* v. *Hoffman,* 46 Ohio St., at page 642).

"There must be a previous adjudication, that is apparent on the record, which in itself is required to embrace orders, judgments,. and all material acts and proceedings of the court."

The findings in the entry of vacation that there was "a meritorious defense" is not such an adjudication, for the record is silent at to what the nature of the defense was, as to whether any issue was made upon it, and as to whether that issue was appropriately tried and determined. The real question was. "whether the right judgment had not, after all, been rendered."

Until that question was determined adversely to plaintiffs in error the original judgment would stand (*Ralston* v. *Wells, supra*).

The judgment of the court at Special Term. vacating the previous judgment of July 18, 1900, must, therefore, be reversed, and it is. so ordered.

*C. B. Wilby,* for Plaintiff.

*Philip Roettinger, J. D. DeWitt,* contra